My name is Tina Babel on behalf of the Appellant First Baptist Church. I'd like to reserve 12 minutes of arguments and 3 minutes for rebuttal. The District Court erred in granting summary judgment on procedural, factual, and legal basis. I'm going to start first with the procedural basis. The procedural basis relied upon here was based all on a reply. A reply which was completely different than the initial brief on summary judgment. The initial brief on summary judgment raised by Zurich Insurance Company essentially alleged one thing. That the date of occurrence was 2017 and that there was a duty on behalf of First Baptist Church at that point, whether it knew about the occurrence of loss or not, to notify Zurich. Because there was a five-year delay between the date of loss in 2017 and 2022, that in and of itself foreclosed a prompt notice requirement and therefore barred recovery under the insurance policy. That was the entirety of the basis on the initial summary judgment motion. As a result, First Baptist Church responded to that issue citing well-known cases that it is from the date of discovery, not from the date of occurrence or loss if it is not known. Numerous cases were cited and instead of essentially addressing that point, so the only things raised in that initial motion, it completely changed course. Zurich on the first time on reply raised entirely new arguments, never raised on the record, never raised before, never raised in the pleadings. What it stated for the first time was that First Baptist Church knew of some leaks in 2016. This was not in the factual record. Where this actually came up was in two depositions and in response to a completely separate summary judgment motion raised by First Baptist Church. In response to a statement of facts, Zurich Insurance Company essentially then brought forward that there was, in 2016, there were a couple of leaks. Based solely upon that factual record raised in the reply, the district court, Judge Holmes, issued summary judgment saying because there were some leaks in 2016, there was not a prompt notice and, therefore, First Baptist Church could not recover. That issue, that 2016 leaks, there was numerous questions of facts, and more importantly, First Baptist Church was not allowed to respond. What are the local rules on surreplies and responding to unexpected arguments? There is no surreply allowed either in the federal rules or in the local rules. The local rules, do they say you cannot, or is there any kind of process for seeking permission? No, Your Honor, it is not addressed at all. It's Local Rule 7.2 in the Western District, and all that is allowed is a seven-day reply for Zurich. No surreplies are even mentioned in the local rules or in Rule 56. So could or did you, because that was my exact question, actually. Sure, Your Honor. Could or did you attempt maybe to seek leave to file a surreply? We did not. They are disfavored and only allowed in extraordinary circumstances and, in fact, are not even allowed under the rules. There was no request, and nor should it be the First Baptist Church's requirement to respond to improperly raised arguments. The law is clear that if it's raised for the first time on reply, it is deemed waived. Here, there's no doubt, and I had asked the courts to read the initial brief that 2016 is not mentioned, nor is actual notice of loss in 2016 relating to leaks or otherwise even mentioned. As a result, First Baptist Church did not even address those arguments because they were not raised. We are allowed under due process requirements notice and opportunity to respond, and we had none. That in and of itself made the district court's ruling improper. In addition, the district court erred because of the numerous, numerous factual questions on the record. My brief goes through all of the questions that were still at issue. Even if we were to take the 2016 issue that there were leaks into accommodation, did those leaks cause the hail damage? We had expert reports stating that the loss that was caused, the damage to the roof, was in 2019 and 2020, and that the damage was caused by hail. Some of the leaks in 2016, there's no evidence to what that was caused by or that it wasn't repaired. In fact, the testimony of the building administrator essentially said, we repaired it. The court relied on invoices that were issued in 2016 related to the roof. Those related to some caulking for $200. They related to some joint repair for $500. There is no evidence in front of the court, nor could the court have concluded without weighing the credibility or determining the truth of the situation, that those issues in 2016 somehow caused the extreme leakage in 2022. The court would have needed to disregard the entirety of our expert report, finding that this loss was caused in 2019 in May due to significant hail storms. It would have had to ignored our affidavits that the leaks started in 2022 when we noticed. It would have to disregard that the leaks were more substantial then. It would have to disregard all of the statements of fact that we set forth and simply rely upon this new one fact raised in the reply that in 2016 there were some leaks. There is no responsibility in addition to raise if there is a leak, if there is any damage to your house, residence, commercial property, that something is wrong. Let me ask about that. Zurich and I think the district court seem to have construed that provision, which is a condition proceeding to filing a claim, as covering any damage to the insured property. Is there anything in Arkansas law that would give us guidance as to whether we can construe that provision in that way for the insured? Yes, Your Honor, and that is how the district court construed that provision, and we believe the district court's wrong. Because it would seem under that interpretation that if you had damage to your front door and you don't tell the insurance company, you couldn't file a claim for your roof. Correct. It would turn the law of insurance on its head. If you had a tub that was leaking and caused some damage to your bathroom and you fixed it, you would be precluded if sewage seepage came up related to the toilet because you did not tell them about a little leak to begin with. That is not the law, nor is there any case saying that is the law. To the contrary, the court says it's when the knowledge of the loss or damage occurred, and here the question is what is the loss or damage? The facts here are clear that the loss or damage was a hailstorm that started in 2019 and 2020. The fact that there were some leaks in 2016 is irrelevant to the point of that policy, nor does any Arkansas or any other court say if there's a little bit of paint peeling, if you don't report that, then if something bigger happens, you cannot recover. And it might become relevant later for recovery? So you already had some damage, the hail added more. Judge Kelley, you're exactly right, and that's a factual determination. There could be an argument at trial that there was some damage here and maybe that relates to later damage, but that's a factual question in which to determine. Wear and tear is accepted from the policy, but there's nothing here. The policy doesn't say if there's some wear and tear and then that exacerbates and then there's hail damage and you have significant hail damage, that that causes a loss, that that's not a covered loss. So the policy in and of itself has a number of factual questions that a jury's inclined to hear, the different factual disputes between Zurich and First Baptist, and that is what caused this damage? What caused this leakage from three different buildings? I'd like to point out to the court that's another issue in this case. There are three properties that were claimed to have the hail damage in 2019 and 2020. The 2016 leaks that the administrator talked about that he had repaired was to one building. The court does not address the other two buildings, and in fact, nor could it because it was not on the record. The only thing on the record in 2016 was that the administrator said he fixed a couple leaks. There's no evidence that those leaks were then not fixed and that this damage wasn't entirely other damage. So I started off by saying there's legal questions and factual questions. The factual questions preclude any type of judgment here on summary judgment. In addition, there's a legal issue here as well. The district court, as we mentioned, essentially held that the date of loss or damage essentially comes from the date of occurrence, whether you knew it or not. So if you have some hidden damage, you are responsible to give prompt notice. This is not the law of Arkansas or any other state, and we cite a number of cases, including Jenkins, how that is not in fact the rule. It is from the date of discovery. The factual basis here is that the discovery happened in January of 2022. We have affidavits and we have testimony stating that. To change the law and say it comes from the date of occurrence, regardless of knowledge, disregards the numerous case law that says prompt notice is decided on the date of discovery. If nothing further, I'll reserve the rest of my time for rebuttal. Thank you, Ms. Babel. May it please the court. There's really no dispute as to the law on this matter. This is a condition proceeding to coverage, and the insured forfeits coverage if they do not comply with the condition proceeding. There are so many decisions of the Arkansas Supreme Court and this court interpreting Arkansas law, which so finds. So what is the factual record upon which the district court based its decision that First Baptist Church failed to satisfy this condition proceeding to coverage? There are three essential witnesses whose testimony appeared in the record. They are Larry Parnell, who is the maintenance director at the church. Maybe you ought to first address whether this was first raised in your reply and whether they had a fair opportunity to challenge the factual record on that issue. Yes, Your Honor. I think Judge Holmes had it correct. This was in our answer to both the original complaint and the amended complaint that they failed to satisfy the condition proceeding of providing notice of loss or damage. Not a covered cause of loss, but loss or damage. The reply brief focused on the testimony of Mr. Parnell, Mr. Cates, and Mr. Satnas that the loss or damage occurred first in 2016. Isn't the question what the loss is, though? Aren't they saying the loss? We got damage in 2019 to 20. That was their loss. That's what they finally said, correct. And then you're relying on testimony that said that there was also loss in 2016, but couldn't those be two different losses? No, Your Honor, not on this record. The record is very clear. Mr. Parnell testified that in 2016 the church was experiencing leaks. They had loss or damage to their roof. They called roofing contractors to fix it. The roofing contractors were ineffective in fixing that loss or damage. In 2022, in January of 2022, they called Mr. Satnas of Four Star General Contracting, and Mr. Parnell showed him the very leaks that had occurred in 2016 and had been the subject of ongoing repair attempts by the church in 2016, 2017, and 2018. And Mr. Satnas looked at those same leaks for which they had sought professional help over the years and concluded these leaks are from hail damage. You need to report this as a claim. There is no factual dispute in the record. There is nothing in the record from any fact witness from Mr. Parnell, Mr. Cates, or Mr. Satnas that there were any independent claims, any independent leaks or damage caused by some hail storm at some unspecified date. I thought the most recent contractor did say you've got damage from hail that occurred, in my best estimate, 2019, 2020. Incorrect. That's incorrect? That's incorrect. He said at the time, in my estimate, the damage that was shown to me by Mr. Parnell, the very leaks that the church had attempted to fix in 2016 and 2017 and 2018, he said was caused by a hail storm in 2017. They later amended their complaint to state it must have been during hail storms in 2019 or 2020. But there is no factual. I'm sorry to interrupt, Judge Kelley. I thought we were saying the same thing. Perhaps we are. Okay. The original statement by the roofing contractor was this was caused by a hail storm in 2017. And they adjusted that. They adjusted that later. Yes, Your Honor. Right. So help me here because hail storm in 2019 to 2020 can't have caused a leak in 2016. Right. I agree with that. Timing doesn't work out that way. So you've got two different moments of loss. But you've got the very same loss or damage, Your Honor. Is that undisputed? Is that beyond the record at this stage? Is it undisputed that the exact, that it fits right on top, the exact same, this leak right here. We're all talking about the same one. Yes. That's Mr. Parnell's testimony. And that's in the Appalachian appendix at 364, 365, and 366. But is it undisputed? It is, Your Honor. Counselor, I thought that Zurich's position was that the roof had normal wear and tear and issues from construction, maintenance, and expansion or shrinkage rather than hail damage. That's correct. So if this case were to get to trial, Zurich would take the position that this loss or damage, which had plagued the church since 2016, was not caused by hail. But you said it was undisputed that these leaks were caused by hail. No. I said it's undisputed that the leaks which First Baptist Church claims was caused by hail and which were noticed by Mr. Satinus in early 2022 were the same leaks, the same loss or damage that the church had first encountered in 2016 and 2017 and 2018. That's the same loss or damage. Whether or not it was caused by hail would be a fact question. Excuse me, Judge. Well, but if somebody is saying this damage here was caused by something that happened in 2019 and 2020, doesn't that set up a fact dispute as to whether it's the exact same damage that everybody agrees that there was some damage in 2016? But doesn't that testimony alone say, maybe it's different? If that had been the testimony of the church, but that was not their testimony, Your Honor, nor was it the testimony of the four-star contractor, all of whom testified that this was the same loss or damage, there was a difference about what caused it. That would be a factual dispute. And maybe I'm just not getting, but if the cause happened at point B, 2019 to 20, isn't it by definition different than any kind of damage that happened in 2016? Or am I overlooking something? I think you're overlooking the testimony of Mr. Parnell, who was the one who coordinated the repair efforts in 2016, 2017, and 2018, and showed those same loss or damage to the contractor in early 2022 and said, here's what we've got, here's the problem. That contractor says, well, it's hail damage. Zurich disagreed that that loss or damage was caused by hail, but there is no dispute on this record, Your Honor, that it was the same loss or damage. There was only a dispute as to its cause. What about whether it was repaired or not from the first time, 2016, if it was repaired and then there's a subsequent event? Yes. I think counsel misstated the record on that. They were not repaired. They were attempted to repair, but they were unsuccessful. And that's Mr. Parnell's testimony in Appalachia Appendix at 365. They hired the roofing contractors to fix these leaks, but they were not successful. When Mr. Satinas from Four Star General Contracting, whom they contacted for these very same leaks, came in 2022, he showed them the same leaks. This is the loss or damage we've had. This is our problem. Past roofing contractors have not been able to repair it. They were not repaired until after Zurich denied the claim when Four Star General Contractor came out and attempted repairs in May and June of 2022. But in the interim, there was no repair to those leaks. They continued to plague the church, and that record is undisputed, Your Honor. Now, the experts from the church offer the opinion that there is hail damage and that these leaks were caused by hail damage. That's the disputed fact issue. But you raised a point, Judge Gross, that I think needs clarification on the point of law about notification of loss or damage versus notification of a covered cause of loss. So the church was aware of loss or damage, and Judge Holmes made the point that under Arkansas law, and if you read this policy specifically, you have to notify of loss or damage. It's not like notifying them of a door and then years later you have a roof problem. Here we've got the same issue. The damage to the roof, which they were aware of in 2016. Well, it happens to be the same portion of the property, but what if it wasn't? What's your position on that? Well, I think if it were a different portion of the property, if it were a claim from a car running into the side of the building as opposed to a roof claim or loss, loss or damage, that would be different. What if it is the same part of the property, the roof, but one loss or damage is because of normal wear and tear, and the other one is due to hail? Are they still required to give you notice of the normal wear and tear? Yes, Your Honor. What's the legal distinction there between the door and the normal wear and tear to the roof? Because the policy language is loss or damage. If it's loss or damage, you must notify us of that loss or damage. And this is the same loss or damage. And an insured person in Arkansas would understand that that's what their policy says. The law requires them to, yes, Your Honor, and that's established by the Fireman's Fund case decided by the Arkansas Supreme Court in 2010. Even if you're not making a claim? Yes, Your Honor. I'm sorry. Even if you're not making a claim with respect to that? For instance, let's assume they thought it was the first 2016 was just normal wear and tear. They don't really have a claim, so why notify the insurance company? Then 2019, there's a hail incident. Now they think they've got a claim, and they put you on notice. I mean, do they have to put you on notice of wear and tear damage even though they don't intend to make a claim? Yes, they have to put you on notice of loss or damage to what they are claiming, what they ultimately claim, yes. And the law is very clear on this, Your Honor. But they have no intention of filing, in my hypothetical, they have no intention of filing a claim because they think it's just normal wear and tear and we need to fix the root. And there's no hail event or any other covered event. You're saying that the law requires them to notify you of the leak? If it's loss or damage for which they ultimately seek coverage, and they did ultimately seek coverage. I think you're changing the words. I think the condition preceding says to the property. I don't think it says for which you ultimately seek a claim. Right, I understand. So you're creating a distinction that's not in the language. The language, if read literally, would seem to require notice be given to the insurance company if a window is broken to the house and you can't make a hail claim. I'm not following that analogy, Your Honor.  So not any damage to the property. This issue only comes up once a claim is made, correct? Once an insurance claim is made. Then they have to determine did they comply with that condition proceeding to coverage. And if the claim is made for loss or damage about which the insured knew at a certain point in time, then they're required to provide prompt notice. That was this court's decision in the AIG v. Fraley case decided by Judge Arnold in 06. Also read the decision of Judge Hickey in the Western District of Arkansas in the Farmers v. Settle case analyzing that difference between damage or loss and claim. What about the assertion that there are multiple buildings here? That is a complete red herring, Your Honor. There were multiple buildings. There's only one building for which they're making a claim. I don't know where that's going. Is it undisputed that the leaky spots or spot were the exact same ones in 2016 and then the subsequent claims presented to you in 2017-2019? Yes, Your Honor. Exact same spots? Exact same spot. That's Mr. Parnell's testimony. And the exact same extent of damage? I don't think the record's clear on that, whether the leak set was... Well, because if Hale were to have exacerbated the 2016 leaks, even if they were in the same exact spot, wouldn't that be a claim that just occurred and they discovered? No, Your Honor. I think that loss or damage, they have the loss or damage. They're required to report it at the time. But what about the additional damage? In my example, the Hale would have created additional damage on top of what the 2016 damage was. So you've got damage level and then you've got a little bit extra or a lot extra because of Hale. Isn't that covered? No, Your Honor. They must provide notice, prompt notice of the loss or damage. But what if they're only seeking the extra damage? I get it. I had to prepare it, but this is like extra. So I'm covered because it's Hale and Hale is covered. Yeah, but that's not the claim that they submitted, Your Honor. They submitted a claim for that loss or damage. I see my time's up. I've got two seconds for rebuttal, which I will waive. Two seconds. I had five minutes to alert me. My time is up. Thank you so much, Your Honors. Very well. You don't get rebuttal. Mr. Baybell, you do. Ms. Baybell, you do. I do. Thank you, Your Honors. The question of what is disputed or undisputed in this record is problematic because of the first point I raised with the court, which is we were not given a chance to reply to the factual basis raised for the first time. So there is a question that he raises that it's undisputed. This is undisputed that the leaks are in the exact same spot. It is absolutely disputed, Your Honors. And if you look at the affidavits, if you look at the expert reports, nowhere and anywhere does it say the leaks were the exact same in 2016 that required some caulking and some patching. Well, Mr. Donovan says Mr. Parnell testified to that. Is that right? That is not accurate, and I'd ask the courts to read that testimony. Mr. Parnell testified that there were some leaks in 2016 and there were repairs to them. He stated he had no idea regarding later subsequent hail damage, and he didn't know about those later leaks. There is no testimony on the record that says that leaks in 2016 were the same as and either not exasperated, exasperated, or anything. The testimony in the record is Mr. Parnell saying there were some leaks in 2016, and we had some repair, different companies come in, and they tried to fix it. The other testimony we have via affidavits, via expert reports, is that there was hail damage in 2019 and 2020, and that that hail damage caused significant leaks causing significant damage. There is not anything in the record that says the 2016 leaks were the cause of the leaks here. The causation issue is glossed over by the other side. There is nothing showing that that was the cause of these leaks, and that matters. It matters because there's a factual question. It matters because we did not have the opportunity to respond, and that's a due process violation. Your Honor, if you have no other questions, I would close. Thank you, Your Honor. Thank you. Thanks to both counsel for your appearance and argument today. The case is submitted, and we'll issue an opinion when we can.